UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN ALLEN MCGEE,  | Case No. 1:08-cv-88

    Plaintiff, | Chief Judge Paul L. Maloney

    v. | Magistrate Judge Ellen S. Carmody

UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION and ORDER**
**Denying the Plaintiff's Frivolous Second Motion for Relief from Judgment;**
**Denying a Certificate of Appealability;**
**Advising the Plaintiff of Possible Consequences of Future Frivolous or Malicious Filings**

In 2007, McGee filed a complaint in the U.S. District Court for the District of Columbia, alleging a conspiracy to deprive him of his constitutional rights and seeking relief under the Federal Tort Claims Act. In 2008, the case was transferred to this court and assigned case number 1:08-cv-154. McGee filed an amended complaint in 1:08-cv-154 in February 2008, tracking the allegations in the instant action, which he initiated in January 2008. The cases were not consolidated but were both assigned to the undersigned. The Magistrate Judge granted McGee *in forma pauperis* ("IFP") status but directed him to pay an initial partial filing fee for each of the two cases. The Magistrate Judge rejected McGee's argument that he should not have to pay two filing fees for one civil action, finding that he was responsible for two filing fees because he chose to file two complaints.

The complaint in the instant case, filed January 2008, was based on the same incident and asserted claims under the Racketeering-Influenced and Corrupt Organizations Act ("RICO").

McGee applied for IFP status in this case too, but the Magistrate Judge informed him that his application was deficient and ordered to either pay the full filing fee or file the paperwork needed to establish entitlement to IFP status. When McGee failed to comply, this court dismissed his case without prejudice on May 2, 2008. McGee appealed on May 12, 2008 but failed to pay the appellate filing fee or move for IFP status on appeal. Once again this court notified McGee of the deficiency and gave him thirty days to comply. McGee finally applied for IFP status, and this court granted it.

The day after McGee filed his notice of appeal, he filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) and (4) to vacate the order dismissing his case. This court treated the purported Rule 60(b) motion for relief from judgment instead as a motion for reconsideration but denied it for lack of jurisdiction due to the pending appeal. This court wrote as follows:

> The motion . . . was dated and filed after the notice of appeal. Generally, the filing of a timely notice of appeal deprives the lower court of jurisdiction to adjudicate a motion for reconsideration. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). Although the Sixth Circuit has established a procedure allowing a district court to address such motions by certifying its anticipated disposition of the motion in the event of remand by the Court of Appeals, *see First National Bank of Salem, Ohio v. Hirsch*, 535 F.3d 343 (6th Cir. 1976), it is equally within the district court's discretion to dismiss the motion and let the appeal take its course. *See Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007); *LSJ Investment Co. v. O.L.D., Inc.* 167 F.3d 320, 324 (6th Cir. 1999).
>
> In the circumstances of this case, the court declines to invoke the *First National Bank of Salem* procedure. Accordingly, IT IS ORDERED that plaintiff's motion to vacate judgment (docket #26) be and hereby is DENIED for lack of jurisdiction.

Order of U.S. District Judge Paul L. Maloney dated May 15, 2008 at 1-2.

On appeal, McGee argued that (1) this court's May 2, 2008 dismissing the instant case for failure to comply with the order to pay the full filing fee or file the paperwork needed for IFP status, violated his Fifth Amendment right of access to the courts and 28 U.S.C. § 1915(a)(4); (2) this court

erred by refusing to consolidate this case with Case No. 1:08-cv-154; and (3) the district court erred by construing his motion for relief from judgment as a motion for reconsideration, and by refusing to exercise jurisdiction and issue an anticipated ruling on the merits. In October 2008 a Sixth Circuit panel affirmed without oral argument, holding that McGee was properly held responsible for two filing fees because he chose to file two complaints; that the Prison Litigation Reform Act ("PLRA") fee requirements did not deprive him of adequate, effective and meaningful access to the courts; and that this court did not abuse its discretion by declining to entertain the motion for relief from judgment / motion for reconsideration due to McGee's earlier-filed pending appeal to the Sixth Circuit. *See McGee v. US*, No. 08-1826, Order of Clerk (6th Cir. Oct. 7, 2009) (per curiam) (Moore, Clay, Kethledge).

**Most recently, on December 21, 2009 McGee filed an "Independent Action to Vacate Judgment pursuant to Fed R Civ P 60(b)(3)(4)(6) & (d) on Grounds of a Fraud Upon the Court," namely some fraud allegedly perpetrated by U.S. Magistrate Judge Joseph G. Scoville and "employees of the District Court Clerk's Office."** First, McGee sees fraud on the court in the Magistrate Judge's order requiring him to pay an initial partial filing fee, *see* Mot at 2 (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993)), but the Sixth Circuit already held that it was proper to require payment of such a fee, and in any event, the decision to require the fees did not constitute fraud. Second, McGee sees fraud on the court in the Clerk of this court allegedly "refusing to file and record" the order transferring the case here from the District of Columbia, *see* Mot at 2; it is unclear whether McGee is alleging that the Clerk never filed the transfer order or that the Clerk filed it in an untimely fashion. In any event, the transfer order was indeed filed on this court's docket for the instant case in a reasonably timely fashion, any minor alleged delay in

docketing the transfer order did not prejudice McGee, and any such delay could not constitute fraud upon the court in any sensible interpretation of the term.

Third, McGee accuses Magistrate Judge Scoville of fraud on the court for "splitting and maintaining Plaintiff McGee's unified civil action as two separate Complaints." Mot at 2. This is utter nonsense, as McGee is well aware that it is *he* who chose to file two complaints rather than the "unified civil action" to which he alludes. Even making this obviously baseless argument is a reckless or deliberate waste of the court's time, and diverts resources from the great majority of litigants who actually have presented arguments and claims which are not frivolous or malicious.

Fourth, McGee complains that the Magistrate Judge ignored 28 U.S.C. § 1915(b)(1) and (b)(2), which, he asserts, absolve him of any responsibility for ensuring that filing fees or fee installments are paid, committing that responsibility to the court and the correctional institution where he has an account. *See* Mot at 3-4. McGee cites *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1998) for the statement that after the prisoner files an affidavit and certified copy of his trust-fund account statement, "[t]he court will order the fee assessment *and the prison officials will forward the initial filing fee to the district court*, when funds exist." Mot at 4. Even assuming *arguendo* that the Magistrate Judge erred in expecting McGee to play any further direct role in ensuring payment of required filing fee installments, there is no reason to believe that the Magistrate did so deliberately, and absolutely no precedent or logic suggesting that such an alleged error of law could constitute "fraud upon the court" within the meaning of *Demjanjuk* or any other U.S. Supreme Court or Sixth Circuit precedent, let alone render the May 2, 2008 order of dismissal "void." Certainly McGee presents no such precedent, and the court finds none.

Fifth, McGee charges that the Magistrate previously aided and abetted criminal actions in

violation of 18 U.S.C. § 2071, apparently by removing documents which McGee had filed with this court, concealing that removal of documents, and refusing to take judicial notice of the "fact" that McGee filed documents which are not in the record and that those documents were maliciously, illegally removed. This oft-repeated and specious charge is out of place and irrelevant in a motion which purports to seek relief from the May 2, 2009 order (Document 25) dismissing McGee's case for failure to comply with filing-fee requirements, on the ground that the order is "void."

## **ORDER**

Plaintiff's Fed. R. Civ. P. 60(b) motion for relief from judgment with respect to the May 2, 2009 order dismissing his case **[document #41] is DENIED.**

A certificate of appealability is **DENIED**.

Plaintiff is hereby **ADVISED** that future frivolous or malicious filings **MAY** result in restrictions on his right to file documents with this court (including a requirement that he seek leave before filing any document with this court) and, to the extent allowed by law, monetary sanctions.

This is a final order.

**IT IS SO ORDERED** on this  12th  day of April 2010.

    /s/ Paul L. Maloney
    Honorable  Paul L. Maloney
    Chief United States District Judge